JOSEPH KINSLEY *vs.* LAKE SHORE AND MICHIGAN SOUTHERN RAILROAD COMPANY.

Suffolk. March 11. — July 18, 1878. AMES & MORTON, JJ., absent.

A railroad corporation is responsible for an article of personal baggage, kept by a passenger exclusively within his own control, which is lost through the negligence of the corporation or its servants, and without fault of the passenger.

A passenger on a railroad, on leaving the car, in which he was travelling, at a station for the purpose of getting his dinner, inquired of an employee in the car whether his baggage would be safe if left in the car, and was told to leave it there that it would be perfectly safe. He left his baggage in the car, and, on his return, found that the car had been detached from the train, and his baggage re-

moved to another car, where he could have a seat. On going to this car, he found only part of his baggage. No notice of the change had previously been given to him. *Held*, that this evidence would warrant a finding that the missing baggage was lost through the negligence of the railroad corporation.

If a person, who has made a contract with a railroad corporation for his personal transportation from one place to another, takes a seat in a sleeping-car, and there loses an article of personal baggage, through the negligence of a person in charge of the car, and without fault on his own part, it is no defence to an action against the corporation that the car was not owned by the defendant, but by a third person, who, by a contract with the defendant, provided conductors and servants, in the absence of evidence that the plaintiff had knowledge of these facts.

CONTRACT, with a count in tort, against a common carrier, for the loss of a hand-bag and its contents. Trial in the Superior Court, without a jury, before *Allen*, J., who allowed a bill of exceptions in substance as follows :

The plaintiff was a passenger on the defendant's railroad from Cleveland, Ohio, westward, having purchased in Boston coupon tickets, over that and other roads, from Boston to San Francisco. At Cleveland, the plaintiff also purchased a ticket which gave him a right to ride in the car China, one of two sleeping-cars which formed part of the regular train on the defendant's road. After leaving Cleveland, and before reaching Toledo, Ohio, notice was given to the passengers that twenty minutes would be allowed for dinner at Toledo. On leaving the car at Toledo for dinner, the plaintiff inquired of an employee in the car whether his baggage would be safe if left in the car, and was told to leave all his baggage in the car, that it would be perfectly safe ; and the plaintiff left the bag in question, with other articles, in the car. On his return from dinner, the plaintiff found that the car China had been taken from the train, and the doors of the car locked, and was informed that that car would not go beyond Toledo, on account of the small number of passengers, and that he could have a seat in the other sleeping-car, and would find his baggage there. On going into the other car the plaintiff found all his baggage except the bag in question. He applied to the conductor, and diligent search was made, but the bag could not be found.

The defendant offered to prove that the car China did not belong to it, but to George Gates and others, and was managed and controlled by the owners, and was in the immediate care

and charge of their employees, under a contract with the defendant company, by which Gates and one Wagner were to furnish all the sleeping-cars deemed expedient to be run by the company, and were to place conductors and servants in the cars to take charge of them, and to collect the fares for the sleeping accommodations; and asked the judge to rule that, upon these facts, if proved, and the other facts in the case, the plaintiff could not recover. There was no evidence that this contract was known to the plaintiff, or that he had any notice that the car China was not owned by the defendant and in its exclusive control.

The judge ruled that the facts offered to be proved by the defendant would not constitute a defence to the action, and that the facts proved were sufficient to maintain the action ; and ordered judgment for the plaintiff. The defendant alleged exceptions.

*H. L. Hazelton*, for the defendant.

*C. R. Train & J. O. Teele*, for the plaintiff.

GRAY, C. J.   Although a railroad corporation is not responsible as a common carrier for an article of personal baggage kept by a passenger exclusively within his own control, it is liable for the loss of such an article by the negligence of the corporation or its agents or servants, and without fault of the passenger. *Clark* v. *Burns*, 118 Mass. 275. *Bergheim* v. *Great Eastern Railway*, 3 C. P. D. 221.

In the present case, we need not consider whether the evidence introduced at the trial would justify the inference that the defendant had assumed the custody and control of the plaintiff's bag as a common carrier ; for it was clearly sufficient to warrant the judge, by whom the case was tried without a jury, in finding that the bag was lost, without any fault of the plaintiff, by negligence on the part of the defendant in removing or undertaking to remove the plaintiff's baggage to another car in his absence and without notice to him.

The plaintiff's contract of transportation was with the defendant alone. The fact that the car was not owned by the defendant, but was used on its road under a contract with other parties, who furnished conductors and servants to take charge of such cars, there being no evidence that the plaintiff knew o

that contract, or had any notice that the car was not owned by the defendant and under its exclusive control, could not affect the measure of the defendant's liability to the plaintiff.

*Exceptions overruled.*