Okey, C. J.
Two questions are presented : first, as to the liability of the railroad company for injury to a passenger traveling on one of its trains in a coach of a sleeping-car company; secondly, as to the presumption arising from proof of the injury.
1. In Southern Express Co. v. Railway Co., 10 Fed. Rep. 210, Miller, J., said that “the express business is a branch of the carrying trade that has, by the necessities of commerce and the usages of those engaged in transportation, become known and recognized“ that it is the duty of every railroad company to provide such conveyances, by special cars or otherwise, attached to their freight or passenger trains as are required for the safe and proper transportation of this express matter on their roads “that under these circumstances there does not exist* on the part of the railroad company, the right to open and inspect all packages so carried; ” and “ that, when matter is so confided to the charge of an agent or messenger (of the express company), the railroad company is no longer liable to all the obligations of a common carrier, but that, when loss or injury occurs, the liability depends upon the exercise of due cai’e, skill and diligence on the part of the railroad company.” And see Penn. Co. v. Woodworth, 26 Ohio St. 585.
Counsel for plaintiff in error argue in this case that sleeping-cars have became recognized as so far necessary to the comfort and convenience of passengers by railway, that railway companies may be compelled, in like manner, to attach the coaches of sleeping car companies to their trains, where they have failed to provide their own cars for such purpose, in which case there should be a corresponding modification of the liability of the railroad company, and that whether the arrangement between the companies be enforced or conventional, the railroad company should not be liable for injury to passengers resulting solely from negligence of the agents of the sleeping car company.
In support of this view, attention is called to the fact that *466 in Penn. Co. v. Roy, 102 U. S. 451, where the liability of the railroad company for an injury received in a car of the Pullman Palace Car Co. was asserted, Harlan, J., lays stress on the fact that the railroad company had published and circulated cards, which were in such form as to induce the belief that the sleeping-car was under the management and control of the railway company. But, on examination of the whole opinion, we find there was no intention to place the liability on such narrow ground; and we have no hesitancy in saying that, in the absence of notice, that the company will not be liable for defective appliances in the sleeping-car or negligence of servants of the sleeping-car company, a passenger may well assume that the whole train is under one general management. Thorpe v. Railway Co., 76 N. Y. 402; Kinsley v. Railroad Co., 125 Mass. 54. How far a railway company may, by agreement with a sleeping-car company, known to the passenger, exonerate itself for liability for such injuries, is a question concerning which wo express no opinion.
2 As to the presumption stated in the charge, counsel for plaintiff in error say that there was no evidence that the injury resulted from defect in the car or any part of it. Hence, the injury was occasioned by the negligence°of the porter in securing the berth in its place, or by-the interference of some other person with the fastenings of the berth. This statement is probably correct. Now, in charging that the burden was on "Walrath to show the injury resulted from the negligence of the defendant below, and that he could only recover for negligence traceable to the defendant’s fault, the court virtually charged that he was required to show that he was without fault. This being shown, we think the court might then well say, under the circumstances, that the negligence of the defendant might be presumed. We are aware that upon this subject the authorities are in some conflict. Roscoe’s N. P. Ev. (14th ed.) 695; Thompson on Car. Pas. 209 ; Schouler on Bailments, 642 ; 2 Wait’s Act. & Def. 90 ; Pierce on Rail. (ed. of 1881) 298; Johnson v. Railroad Co., 20 N. Y. 65; Readhead v. Midland Railw. Co., 4 L. R. Q. B. 379; Hyman v. Nyle, 6 Q. B. D. 685; Great West. Railw. v. Fawcett, 1 Moore (P. C.) 101, *467 116; cf. Czech v. General Steam Nav. Co., 3 L. R. C. P. 14. But tlie general question was carefully considered in Railroad Co. v. Mowery, 36 Ohio St. 418, and we think the principle of that case sustains the court below in the charge given and in refusing the charge' requested. Railroad Co. v. McMillan, 37 Ohio St. 554, was an action for killing a horse on the company’s road, and has no application. Whether the sentence next to the last in the portion of the charge set forth in the statement of this case, was not more favorable to the railroad company than was warranted, we need not determine.

Judgment affirmed.