LILLIAN E. WHITNEY *vs.* PULLMAN'S PALACE CAR COMPANY.

Suffolk. Nov. 9, 1886. — Jan, 6, 1887. HOLMES & GARDNER, JJ., absent.

In an action against a palace car company for the value of a satchel and its contents, alleged to have been lost by the negligence of the defendant's servants, it appeared that the plaintiff bought of a certain railroad corporation a ticket which entitled him to ride from one station to another in a day parlor car owned by the defendant, and in use by said railroad corporation under a contract with the defendant; and that the plaintiff had with him a small satchel, which he did not deliver to the defendant's agents, but which he kept in his personal control. There was evidence tending to show that the satchel was stolen while the train in which he was riding was stopping at an intermediate station for refreshments. When the train stopped at that station, the plaintiff left the car for ten minutes, leaving his satchel upon the sill of one of the car windows, which could be reached from the outside through an adjoining open window. *Held,* that the plaintiff was guilty of negligence which contributed to his loss; and that the action could not be maintained.

CONTRACT to recover the value of a satchel and its contents, alleged to have been lost, while the plaintiff was riding as a passenger in one of the defendant's cars, through the negligence of the defendant's servants. Trial in the Superior Court, without a jury, before *Staples,* J., who ruled that the action could not be maintained; found for the defendant; and reported the case for the determination of this court. If the ruling was right,

judgment was to be entered for the defendant on the finding; otherwise, a new trial to be had. The facts appear in the opinion.

*E. A. Alger*, for the plaintiff.

*B. N. Johnson*, for the defendant.

MORTON, C. J.   The plaintiff bought of the Eastern Railroad Company a ticket which entitled her to ride from Boston to the White Mountains in a day parlor car owned by the defendant, and in use by the Eastern Railroad Company under a contract with the defendant. She had with her a small satchel or reticule, which she did not deliver to the defendant or any of its agents, but which she kept in her personal control. There was evidence tending to show that it was stolen while the train in which she was riding was stopping at Portsmouth, New Hampshire, for refreshments.

It is clear that she cannot hold the defendant liable as a common carrier. She can only hold it liable upon the ground that her property was lost by some negligence of the defendant, and without any fault on her part. *Clark.* v. *Burns*, 118 Mass. 275. *Kinsley* v. *Lake Shore & Michigan Southern Railroad*, 125 Mass. 54.

We are of opinion that, upon the evidence, the plaintiff fails to show the exercise of due care on her part. When the train stopped at Portsmouth, she and her husband left the car for ten minutes, leaving her reticule upon the sill of one of the car windows, a conspicuous and exposed place, which could be reached from the outside through an adjoining window, which was open. This was not the exercise of common prudence or proper care of her property, and thus her own negligence contributed to the loss. This is decisive against her right to recover, and we need not consider the question whether there is any evidence of negligence on the part of the defendant. Nor is it necessary to consider whether the liability of the defendant is different from that of a railroad using its own cars.

*Judgment for the defendant.*