LOUIS E. WHICHER *vs.* BOSTON AND ALBANY RAILROAD COMPANY & another.

Suffolk.   November 20, 1899. — June 5, 1900.

Present: MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Carrier — Due Care — Loss of Passenger's Property in Sleeping Car — Breach of Duty — Action — Evidence.*

At the trial of an action against the B. & A. Railroad Company and the W. Palace Car Company for the loss of a travelling bag, it appeared that the plaintiff was a passenger on a sleeping car of the W. Company, which was hauled with other cars from Albany to Boston by the B. & A. Company, leaving Albany at three o'clock in the afternoon and arriving at Boston at nine in the evening; that the W. Company had no control of the car in so far as its movement over the road-bed was concerned, but retained the internal management thereof and hired the porter and conductor for the car; that the porter carried the bag to the section nearest the front door of the car; that the plaintiff remained by it for ten minutes and then went into the smoking compartment of the car at the rear end; that he remained there half an hour, and then returned to his section, took something out of his bag, and returned to the smoking compartment and remained there until the train was approaching Boston; that he then went to his section but the bag was gone, search was made for it but it could not be found; that the train made three stops between Albany and Boston; that the porter testified that he received one passenger at the first stopping-place but none at the other two; that two passengers left the car at the second stopping-place, neither of whom had a hand bag; that no passengers left at the other stations, and that while the

train was in motion passengers walked back and forth from the other coaches. He further testified that there were three sleeping cars on the train, and it appeared that there were also ordinary cars. *Held*, that the plaintiff was not in the exercise of due care, and that there was no evidence of a breach of any duty which either of the defendants owed the plaintiff.

CONTRACT, with a count in tort, against the Boston and Albany Railroad Company and the Wagner Palace Car Company, for the loss of a travelling bag. Trial in the Superior Court, before *Sheldon,* J., who, at the close of the evidence, directed the jury to return a verdict for the Boston and Albany Railroad Company, and submitted the case to the jury as to the Wagner Palace Car Company.

The jury returned a verdict for the plaintiff against the last named defendant. The plaintiff alleged exceptions to the order directing a verdict in favor of the Boston and Albany Railroad Company; and the Wagner Palace Car Company alleged exceptions to the refusal of the court to direct a verdict for it. The facts appear in the opinion.

*A. H. Russell,* for the Wagner Palace Car Company.

*E. F. McClennen,* for the plaintiff.

LATHROP, J. There is no material dispute about the facts in this case. The plaintiff was a passenger on a sleeping car of the Wagner Palace Car Company, which was hauled with other cars from Albany to Boston by the Boston and Albany Railroad Company, leaving Albany at three o'clock in the afternoon, and arriving in Boston at nine in the evening. The Wagner Palace Car Company had no control of the car in so far as its movement over the roadbed was concerned, but retained the internal management thereof, and hired the porter and conductor for said car. Although there was some discrepancy in the evidence on the point whether the plaintiff carried his travelling bag to his section, or whether the porter carried it for him, we assume in favor of the plaintiff that the porter carried it for him. The bag was placed in the section nearest the front door of the car. The plaintiff remained by it for ten minutes, and then went into the smoking compartment of the car, which was at the rear end. He remained there half an hour, and then returned to his section, took something out of his bag, and returned to the smoking compartment and remained there until the train was

approaching Boston. He then went to his section and his bag was gone. Search was made for it, but it could not be found. The train made three stops between Albany and Boston, namely, at Pittsfield, Springfield, and Worcester. The porter testified that he received one passenger at Pittsfield but none at the other two stations; that two passengers left the car at Springfield, neither of whom had a hand bag; that no passengers left at the other stations; and that, while the train was in motion, passengers walked back and forth from the other coaches. He further testified that there were three sleeping cars on the train, and it appeared that there were also ordinary cars.

The principles of law which govern these cases we consider to be well settled. In the first place neither a railroad company, a steamboat company, a sleeping car company, nor a palace car company owes to a passenger in regard to baggage the duty imposed by law on carriers or innkeepers, where the passenger keeps the baggage in his own custody and control. The only obligation imposed upon them is that of exercising reasonable care, and they are liable only when the loss is due to the negligence or misconduct of the servants or agents of the carrier. Railroads: *Tower* v. *Utica & Schenectady Railroad,* 7 Hill, 47. *Henderson* v. *Louisville & Nashville Railroad,* 123 U. S. 61. *Illinois Central Railroad* v. *Handy,* 63 Miss. 609. Steamboats and steamships: *Clark* v. *Burns,* 118 Mass. 275. *Steamboat Crystal Palace* v. *Vanderpool,* 16 B. Mon. 302. *Abbott* v. *Bradstreet,* 55 Maine, 530. *American Steamship Co.* v. *Bryan,* 83 Penn. St. 446. *Gleason* v. *Goodrich Transportation Co.* 32 Wis. 85. *The R. E. Lee,* 2 Abb. (U. S.) 49. In New York, however, a steamboat is regarded as a floating inn; but we believe this view is peculiar to that State. *Adams* v. *New Jersey Steamboat Co.* 151 N. Y. 163, affirming several earlier cases in that State. Sleeping cars: *Lewis* v. *New York Sleeping Car Co.* 143 Mass. 267, 273. *Pullman Palace Car Co.* v. *Smith,* 73 Ill. 360. *Woodruff Sleeping & Parlor Coach Co.* v. *Diehl,* 84 Ind. 474. *Carpenter* v. *New York, New Haven, & Hartford Railroad,* 124 N. Y. 53. *Welch* v. *Pullman Palace Car Co.* 16 Abb. Pr. (N. S.) 352. *Root* v. *New York Central Sleeping-Car Co.* 28 Mo. App. 199. It is obvious that a higher degree of care is required during the night, when

a passenger is asleep, than is required in the daytime, when he can look after his own effects. See cases *supra*. Palace car day coaches: *Whitney* v. *Pullman's Palace Car Co.* 143 Mass. 243.

It is also well established that the mere loss of an article is not evidence of negligence on the part of the defendant. Something more must be shown. *Carpenter* v. *New York, New Haven, & Hartford Railroad,* 124 N. Y. 53. *Sessions* v. *New York, Lake Erie, & Western Railroad,* 78 Hun, 541. *Efron* v. *Wagner Palace Car Co.* 59 Mo. App. 641. *Stearn* v. *Pullman Car Co.* 8 Ont. 171. In *Lewis* v. *New York Sleeping Car Co.* 143 Mass. 267, relied upon by the plaintiff, there were two larcenies the same night, and the porter, who was required to be on duty continuously for thirty-six hours, including two nights, was found asleep in the early morning. These facts were held to be evidence of negligence.

There is no occasion to cite many cases on the point that the plaintiff must show that he was in the exercise of reasonable care. In *Whitney* v. *Pullman's Palace Car Co.* 143 Mass. 243, the plaintiff, a woman, was travelling on a day car of the defendant company. At Portsmouth she and her husband left the car for ten minutes, leaving her satchel upon the sill of one of the car windows, " a conspicuous and exposed place, which could be reached from the outside through an adjoining window, which was open." It was held that her own negligence contributed to the loss, and that she could not recover. See also *Henderson* v. *Louisville & Nashville Railroad,* 123 U. S. 61 ; *Efron* v. *Wagner Palace Car Co.* 59 Mo. App. 641.

Applying these principles to the facts of this case, we are of opinion that the judge rightly directed the jury to return a verdict for the railroad company. The plaintiff, instead of having his bag checked, chose to retain the control and custody of it. If it had been lost through any fault or negligence of the agents or servants of the railroad company, and the plaintiff had been in the exercise of due care, the case would be different.

In *Kinsley* v. *Lake Shore & Michigan Southern Railroad,* 125 Mass. 54, the defendant's servants and agents, while the passengers were at dinner at a way station, removed the sleeping car, in which the plaintiff and others left their baggage, from the train, and the baggage was put on another car. Part of the

plaintiff's baggage was lost in removal.   This case differs essentially from the one at bar.

As to the liability of the last named defendant, we are of opinion that the judge erred in submitting the case to the jury. The bag was in no just sense delivered into the sole custody of this defendant.   While its servant was carrying the bag into the car, it may have been in the sole custody of the defendant for the moment, but the plaintiff renewed his custody and control over it.   Instead of looking out for it, he abandoned it for over five hours.   It seems to us that the case falls clearly within that of *Whitney* v. *Pullman's Palace Car Co.* 143 Mass. 243; and is very similar in its facts to *Efron* v. *Wagner Palace Car Co.* 59 Mo. App. 641.

Nor do we see any evidence of a breach of any duty which the last named defendant owed the plaintiff, or what there was for the jury to pass upon.   The car was equipped with its usual force of servants.   It was running in the daytime as a day car. There was no necessity for the care required in a sleeping car when passengers are asleep.   All that was required was the exercise of reasonable care.   As has been before stated, the mere loss of the bag was not evidence of a want of such care.   There was no evidence of a breach of the defendant's rules by the porter, as in the case of *Dawley* v. *Wagner Palace Car Co.* 169 Mass. 315.   The porter in the case before us, for aught that appears, in every way performed his duty, and we see no ground for holding the last named defendant responsible.

The result is that the plaintiff's exceptions must be overruled; and the exceptions of the last named defendant be sustained.

*So ordered.*