WEINGART v. PULLMAN CO.

(Supreme Court, Appellate Term. March 5, 1908.)

CARRIERS—CARRIAGE OF PASSENGERS—PASSENGERS' EFFECTS—LOSS—EVIDENCE. —SUFFICIENCY.

The mere unexplained disappearance from defendant Pullman Company's day coach of an overcoat given by plaintiff, a passenger, to defendant's porter, with directions to put it on the seat plaintiff had engaged in the car, did not establish defendant's liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1593.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Isaac Weingart against the Pullman Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF, and MacLEAN, JJ.

Alexander & Green (Allan McCulloh, of counsel), for appellant.

Max J. Kohler, for respondent.

PER CURIAM. The plaintiff was the only witness called at the trial. He testified that on May 22, 1905, he took passage on one of the Pennsylvania Railroad Company's cars from New York to Philadelphia, and also bought a ticket entitling him to occupy a parlor car seat in one of defendant's cars attached to the Pennsylvania Railroad train, which train left Jersey City at 7:14 p. m. Just before entering the car he gave his overcoat to defendant's porter, and told the porter to put it on the seat plaintiff had engaged in defendant's said car. He followed the porter into the car, and saw him place the overcoat on the said seat. Plaintiff then went into another car, and remained about an hour and a half, when he returned to the seat in defendant's said car and found that his overcoat was gone. What became of the overcoat does not appear. Plaintiff sued for the loss of the same, stating its value to be $50, and the court below gave him judgment for $50 damages and $14.41 costs. Defendant appeals.

The car in question was used as a day coach, not as a sleeping car, and the coat was not left in the care or custody of defendant's servant, but was placed by plaintiff's own order on the chair which plaintiff had engaged in said car. Under these circumstances the mere unexplained disappearance of the coat did not establish defendant's liability; but it was incumbent on plaintiff to show negligence on the part of defendant. In the case at bar no evidence of such negligence was given. Whicher v. Railroad Co., 176 Mass. 275, 57 N. E. 601, 79 Am. St. Rep. 314; Carpenter v. N. Y., N. H. & H. R. Co., 124 N. Y. 53, 26 N. E. 277, 11 L. R. A. 759, 21 Am. St. Rep. 644.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.