LULU D. RANDALL *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Dukes County. October 23, 1916. — March 27, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Railroad, In guarding sleeping passenger. *Carrier,* Of passengers. *Practice, Civil,* Amendment. *Supreme Judicial Court,* Amendment allowed by full court.

In an action by a woman against a railroad corporation to recover for the loss of the contents of a silk bag that was stolen from under the pillow of the berth in a sleeping car in which the plaintiff was asleep in a temporary station of the defendant in New York, it appeared that the train was to start at midnight and that the plaintiff went to bed in a lower berth at ten o'clock, that the window of the berth was open at the bottom and that the open part was covered by a wire screen, that when the plaintiff awoke and found that the bag was missing

the whole of the wire had been cut and rolled up so as to leave open the whole space within the frame of the screen, that when the plaintiff went to sleep there was another train standing next the side on which her berth was, that at eleven o'clock this train drew out and left on the side of the plaintiff's berth "a long dark passageway which might easily be a place where a man could work and no one see what he did because they [the railroad corporation] did not have sufficient watchmen," and that "after the eleven o'clock train went out the lights were taken away." The judge left to the jury the special question, "Did the defendant exercise reasonable care to protect the plaintiff's property?" The jury answered, "No." *Held,* that the jury were warranted in answering the question as they did and in finding that the defendant was negligent.

In the action above described, the declaration contained three counts, and it was stated in the report of the case to this court that "the plaintiff waived the first and second counts of her declaration" and that the question of the defendant's negligence was "submitted to the jury under the third count." The defendant contended before this court that there was no evidence in the case of the particular kind of negligence set forth in the third count. That count alleged "negligence, carelessness and inattention of the defendant's servant employed by it to care for and watch said car and take care of the personal baggage and effects of the passengers asleep therein." *Held,* that the question submitted to the jury was whether there was general negligence on the part of the defendant and not whether there was negligence of the particular kind alleged in the third count, and it was *ordered* that the plaintiff should have leave to amend her third count so as to allege the negligence that had been proved, and that the leave to amend should be granted by this court under St. 1913, c. 716, § 3, and it further was *ordered* that, upon such amendment being made, judgment should be entered for the plaintiff in the amount stipulated by the parties.

TORT for the loss of certain jewelry and personal effects on the night of June 10, 1912, when the plaintiff was a passenger on a sleeping car owned and operated by the defendant. Writ dated July 11, 1912.

In the Superior Court the case was tried before *Chase,* J. The evidence is described in the opinion. The declaration contained three counts, but it was stated in the report to this court that "At the close of the evidence the plaintiff waived the first and second counts of her declaration and the following special questions were submitted to the jury under the third count." The third count is described in the opinion.

The special questions submitted to the jury were as follows:

1. "Did the defendant exercise reasonable care to protect the plaintiff's property?"

2. "What was the amount of the plaintiff's loss and damage?"

To the first question the jury answered, "No," and to the second question, "$1,200." Thereupon the judge ordered the

jury to return a general verdict for the defendant and by agreement reported the case for determination by this court. If the verdict for the defendant was ordered rightly, judgment was to be entered for the defendant. If not, judgment was to be entered for the plaintiff in the sum of $1,200.

*W. A. Morse,* for the plaintiff.

*A. J. Young,* for the defendant.

Loring, J. On a warm night in summer the plaintiff was a passenger on the defendant's midnight train from New York to Boston, occupying a lower berth. She boarded the train at about ten o'clock and immediately went to bed. When she went to bed she took off six rings and put them with some other articles of value and a letter of instructions from her husband in a travelling bag and put the travelling bag under her pillow. This bag was made of silk, and was about eight inches long, five inches "across the bottom" and about twelve inches high. It was "a very soft bag that could be closed up." She went to sleep and awoke some two hours or more later when the train was thirty to forty-five minutes out of New York. She thought of something which led her to wish to reread her husband's letter of instructions. On reaching for her bag she found that it was gone. There was but one window beside her berth. When she went on board the car this window was open at the bottom and the part that was open was covered by a wire screen, and this screen was in place when she went to sleep. When she woke up it was found that the screen had been cut and the wire of the screen had been rolled up so as to leave quite open the whole space within the frame of the screen. There was some conflict in the evidence as to whether the screen consisted of one or two panels and a finding on that point could have been made either way. But, whether the screen had one or two panels, the evidence was clear that all the wire of the screen between the frame or frames had been rolled up so that the whole of the space within the frame or frames was open and unprotected. The New York station of the defendant at that time was a temporary one used by it while the new Grand Central Station was being built. When the plaintiff boarded the midnight train it was on a track next to the eleven o'clock train and that train was on a track next the outer wall of the station. Between the two trains was a small wall two and one half feet high de-

scribed by one of the witnesses as "a temporary box-work wall." The plaintiff's berth was on the side of the train next to this wall. From the head end of the screen to the head end of the berth was four feet. When the eleven. o'clock train drew out "it left a long dark passageway which might easily be a place where a man could work and no one see what he did because they [meaning the defendant railroad] did not have sufficient watchmen." "After the eleven o'clock train went out the lights were taken away." These are the facts which the jury were warranted in finding were the facts of the case.

The judge left the following questions to the jury: "1. Did the defendant exercise reasonable care to protect the plaintiff's property?" The jury answered this question "No." "2. What was the amount of the plaintiff's loss and damage?" The jury answered this question "$1,200." Thereupon the judge directed the jury to return a general verdict for the defendant and reported the case to this court. It is stated in the report that the judge submitted the special questions (set forth above) "under the third count."

1. The defendant contends and the plaintiff concedes that to recover the burden was on her to prove that the loss she sustained was caused by negligence on the part of the defendant. And of that there can be no question. *Kinsley* v. *Lake Shore & Michigan Southern Railroad,* 125 Mass. 54. *Whitney* v. *Pullman's Palace Car Co.* 143 Mass. 243. *Lewis* v. *New York Sleeping Car Co.* 143 Mass. 267. *Dawley* v. *Wagner Palace Car Co.* 169 Mass. 315. *Whicher* v. *Boston & Albany Railroad,* 176 Mass. 275. The cases in this Commonwealth and in some other jurisdictions are collected in the last of these five cases. We are of opinion that the jury were warranted in answering the first question as they did, that is to say, in finding that the defendant was negligent.

2. The defendant has contended that, although the jury could and did find that it was negligent, there was no evidence in the case of the particular negligence set forth in the third count. At the trial "the plaintiff waived the first and second counts of her declaration." The only other count was the third count. The defendant's contention is that there was no evidence of the particular negligence set forth in the third count and that for this reason the presiding judge was right in directing a verdict for the defendant.

The negligence alleged in the third count is "negligence, carelessness and inattention of the defendant's servant employed by it to care for and watch said car and take care of the personal baggage and effects of the passengers asleep therein." We agree with the defendant that there was no evidence of negligence of that kind.

Although it is stated in the report that the question of the defendant's negligence was submitted to the jury "under the third count" yet the question submitted to them was the question whether there was general negligence on the part of the defendant and not whether there was negligence of the particular kind alleged in the third count. At that time the third count was the only count of the declaration. The exact question left to the jury was: "Did the defendant exercise reasonable care to protect the plaintiff's property?" It cannot be taken under these circumstances that the ruling directing a general verdict for the defendant (made after this question had been answered in favor of the plaintiff) was based on the pleadings. Indeed no contention to that effect has been made by the defendant. On the record the explanation of the ruling directing a general verdict for the defendant must be taken to have been this: The presiding judge thought that there was no evidence warranting a finding of general negligence on the part of the defendant. He further thought that if he directed a verdict to be entered for the defendant on that ground and it turned out that he was wrong the case would have to go back for a new trial. Under these circumstances he submitted to the jury the question whether there was general negligence on the part of the defendant, having in mind that, if the jury should answer that question in the negative, the question of law about which he was doubtful would not arise, and on the other hand, if the jury answered that question (as they did answer the question) in the affirmative, the question of law could be reported to this court and the case could be finally disposed of in this court without a new trial. That is to say we are of opinion that on this record it must be taken that the judge directed the jury to find a general verdict for the defendant in spite of the fact that the jury had answered in favor of the plaintiff the question whether there had been general negligence on the part of the defendant because he was of opinion that the evidence did not warrant the jury in answering that question in the affirmative.

We are of opinion that the plaintiff should have leave to amend the third count and that this leave to amend should be granted by this court. See St. 1913, c. 716, § 3.

3. The next contention of the defendant is that the defendant's negligence which has been proved cannot have caused the loss which the plaintiff suffered. In that connection reliance is put upon the fact that from the head end of the frame of the screen to the head end of the berth was four feet, and the defendant has contended that it would have been impossible under these circumstances for a thief to have reached and withdrawn the silk bag which had been placed under the plaintiff's pillow. It seems incredible that if there was but one window in the compartment (which was just over six feet long) the nearest part of the window was four feet from the head end of the berth. But, if that be the fact, it is of no consequence. With the use of extension tongs (an implement known to criminals) an arm thrust through the open space within the frame of the screen could have reached and withdrawn a bag four feet away.

Under the terms of the report the result is that, upon the third count being amended so as to allege the negligence proved, judgment is to be entered in favor of the plaintiff for $1,200 and it is

*So ordered.*