BARBARA LYNCH *vs.* THE PENNSYLVANIA RAILROAD COMPANY.

Suffolk.   December 5, 1946.— January 30, 1947.

Present: LUMMUS, QUA, RONAN & WILKINS, JJ.

*Carrier*, Baggage.

Compliance by a passenger upon a car of a railroad train with a direction by a trainman to remove his suitcase from a rack above his seat and to place it in a vestibule at the rear end of the car did not transfer custody of the suitcase to the corporation then in charge of the train or to another corporation which later took over control of the train to complete its journey, and as a matter of law the second corporation was not liable for loss of the suitcase during the time it was in control of the train.

CONTRACT OR TORT. Writ in the Municipal Court of the City of Boston dated July 23, 1945.

The case was heard by *Tomasello*, J., upon an agreed statement of facts.

*R. J. Coffin & T. L. Mackin*, for the plaintiff, submitted a brief.

*B. Aldrich*, for the defendant.

LUMMUS, J. This is an action of contract or tort for the loss of a suitcase on a train running between New York and Washington on which the plaintiff was a passenger. The plaintiff boarded the train at Boston, and placed the suit-

case in a rack above her seat. A trainman, employed by the New York, New Haven and Hartford Railroad Company, directed her to move the suitcase to the vestibule at the rear end of the car. Upon inquiry as to its safety there, the trainman assured the plaintiff's mother in the plaintiff's presence that it would be perfectly safe. The plaintiff took the suitcase to the vestibule as directed. At New York the entire crew of the train changed, and the new crew were employees of the defendant. See *Hartan* v. *Eastern Railroad,* 114 Mass. 44. The plaintiff saw her suitcase shortly before the train arrived at Baltimore, but it could not be found shortly before the train arrived at Washington. She reported her loss to a trainman at Washington, and this was her first talk about it with any trainman since it was placed in the vestibule. The train made a stop at Baltimore, and quite a few people left the train there.

The judge found for the defendant, finding that the suitcase was never in its custody. The Appellate Division was right in dismissing a report. The trainman who ordered that the suitcase be placed in the vestibule was not a servant of the defendant. His assurance that the suitcase would be perfectly safe there did not remove the suitcase from the custody of the plaintiff. She knew that such assurance was merely a prophecy, and that neither his employer nor the defendant took custody of the suitcase. The case is governed, not by *Dawley* v. *Wagner Palace Car Co.* 169 Mass. 315, but rather by *Whicher* v. *Boston & Albany Railroad,* 176 Mass. 275.

*Order dismissing report affirmed.*