LENA CLARK *vs.* CHECKER TAXI COMPANY.

Suffolk.     February 2, 1953. — February 26, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Taxicab. Carrier*, Baggage, Taxicab. *Negligence*, Taxicab.

In an action by a passenger against the owner of a taxicab to recover an amount of money missing from the plaintiff's purse when the purse was returned to her by the operator of the taxicab after the plaintiff, who had retained possession of the purse during the journey, had inadvertently left it on the rear seat upon reaching her destination, a finding that the plaintiff had failed to prove that the operator was negligent was warranted where the evidence did not disclose when the operator learned of the presence of the purse in the taxicab.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated September 14, 1951.

The action was heard by *Shamon*, J.

In this court the case was submitted on briefs.

*James W. Brodbine*, for the plaintiff.

*Francis R. Murphy & John T. Donahue*, for the defendant.

RONAN, J.    This is an action of contract to recover money which, the plaintiff alleges, was contained in her purse which she inadvertently left on the rear seat of the defendant's taxicab when she reached her destination.    The judge found for the defendant.    The Appellate Division ordered the report dismissed and the plaintiff's appeal from that decision brings the case here.

The plaintiff, accompanied by her daughter, engaged the defendant's operator in Boston to take her to her home in Revere.    A stop was made on the way to Revere to enable the plaintiff to do some shopping, following which the trip continued to the plaintiff's home.    The plaintiff and her daughter occupied the rear seat and there were many bundles on the seat.    When the taxicab arrived at the plaintiff's home, the two passengers assisted by the operator removed

the bundles. After being paid for the transportation, the driver closed the door of the taxicab and drove off. Shortly thereafter the plaintiff missed the purse and ran out of her home only to see the taxicab moving out of sight. The plaintiff subsequently notified a dispatcher of the defendant of the loss of the purse. The dispatcher communicated with the operator by means of a two way radio system informing him that the purse was missing. He reported back that it had been found and was instructed to return it to the plaintiff's home which he did. There was evidence that the money was missing when the purse was delivered to the plaintiff. There also was evidence that the operator had conveyed another passenger between the time he left the plaintiff's home and the time he returned with the purse. No question was raised that the driver was not acting within the scope of his employment.

It is well settled that a common carrier is responsible as an insurer for loss of or damage to a passenger's baggage the complete and exclusive possession, care, custody, and control of which have been entrusted to the carrier; but as to baggage which the passenger retains in his own personal care and custody, the carrier is not liable for its loss or damage unless it results from its negligence. *Clark* v. *Burns,* 118 Mass. 275. *Kinsley* v. *Lake Shore & Michigan Southern Railroad,* 125 Mass. 54. *Whitney* v. *Pullman's Palace Car Co.* 143 Mass. 243. *Whicher* v. *Boston & Albany Railroad,* 176 Mass. 275. *Lynch* v. *Pennsylvania Railroad,* 320 Mass. 694. The plaintiff retained possession of her purse up to the time she mistakenly left it in the taxicab. The instant case in this respect resembles *Haddad* v. *Griffin,* 247 Mass. 369, in that the defendant was not bound to use a higher degree of care than that required of the operator in the cited case where the latter was not held responsible because he did not discover that his passenger had departed without taking her baggage. Ordinarily, a passenger leaving articles in a taxicab cannot recover from the carrier, 13 C. J. S., Carriers, page 1694, unless the passenger shows that their subsequent loss was due to the failure of the carrier to

exercise reasonable care for their protection after it discovered that they had been left by the passenger. The burden was upon the plaintiff to prove the lack of such care. *Randall* v. *New York, New Haven & Hartford Railroad,* 226 Mass. 404, 407. *Hanna* v. *Shaw,* 244 Mass. 57, 60–61.

We do not know when the defendant's operator first learned that the purse was in the taxicab, or whether that was before or after he had conveyed another passenger, or whether the money had been removed before he knew of the presence of the purse in his vehicle. Until that time the defendant could not be held as a bailee. *Rogers* v. *Murch,* 253 Mass. 467. *D. A. Schulte, Inc.* v. *North Terminal Garage Co.* 291 Mass. 251.

The finding of the judge that the plaintiff failed to prove that the operator was negligent was warranted, and in view of what has been said the denial of the plaintiff's requests does not call for further discussion.

*Order dismissing report affirmed.*