L. EFRON, Respondent, v. WAGNER PALACE CAR COMPANY, Appellant.

St. Louis Court of Appeals, December 4, 1894.

1. **Sleeping Car Company: NEGLIGENCE.** If a passenger on a sleeping car leaves his luggage in his berth and the same is lost during his temporary absence therefrom, the sleeping car company is not responsible to him, if it exercised reasonable care to prevent the loss; and the customary care in such cases is reasonable care, unless it appears that the custom itself is unreasonable.

2. **Practice, Appellate: WEIGHING THE EVIDENCE: DEPOSITIONS.** When the entire evidence on an issue in an action at law is contained in depositions, and there is no conflict in regard thereto, and nothing in the surrounding circumstances discrediting the testimony of the deponents, a finding in opposition to it will be reviewed on appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*Dickson & Smith* for appellant.

Appellant is not an insurer with respect to the baggage of a passenger on its cars, and is not liable as to such baggage, either as an inn-keeper or common carrier. Hutchinson on Carriers [2 Ed.], sec. 700*a*; 2 Redfield on the Law of Railways, page 227, note *a*; Thompson on Carriers, page 531; *Scaling v. Pullman Palace Car Co.*, 24 Mo. App. 32; *Welch v. Pullman Palace Car Co.*, 16 Abb. Pr. (N. S.), 352; *The Pullman Palace Car Co., v. Smith*, 73 Ill. 360; *Blum v. Southern Palace Car Co.*, 1 Flipp. 500; *Railroad v. Handy*, 63 Miss. 609. Negligence, which is the basis of the action, must be proved; it can not be presumed. And the mere fact of loss is not sufficient to prove negligence. *Bevis v. Railroad*, 26 Mo. App. 24; *Root v. Sleeping Car Co.*, 28 Mo. App. 199; *Scaling v. Pullman Palace Car Co.*, 24 Mo. App. 29; Hutchinson on Carriers [2 Ed.], secs. 617*e* and 617*f*; Wheeler on the Modern Law of Carriers, page 260; *Tracy v. Car Co.*, 67 How. Pr. 154; *Welch v. Car Co.*, 16 Abb Pr. (N. S.), 352.

*O. B. Givens* for respondent.

The question of negligence is one of fact to be submitted to the jury, or the trial court sitting as a jury. The judgment of the court below should be affirmed. *Florida v. Pullman Palace Car Co.*, 37 Mo. App. 598; *Hampton v. Pullman Palace Car Co.*, 42 Mo. App. 134; *Kennedy v. Railroad*, 36 Mo. 351; *Farris v. Railroad*, 80 Mo. 325; *Scaling v. Pullman Palace Car Co.*, 24 Mo. App. 29; *Church v. Railroad*, 119 Mo. 203.

ROMBAUER, P. J.—On July 9, 1890, on which day the sun set at 7:40 P. M., the plaintiff bought a ticket for a sleeping berth on one of defendant's cars from St.

Louis to Buffalo, New York. He came to the car shortly after 7 o'clock, and gave his valise to the porter with directions to place it in the berth assigned to him, which the porter did. A few minutes thereafter the plaintiff entered the car, and found his valise in his berth. He left again and spent the time until the departure of the train, which was at 7:15 or 7:25, in promenading near the car. When the train started, the plaintiff mounted the rear platform and went straight to the smoking room, where he remained for about an hour. After the lapse of that time he returned to his berth and found that the valise was missing. The train by that time had proceeded on its journey from twenty-five to thirty miles. He at once informed the defendant's employees of the loss, and they aided him in making a thorough but unavailing search for the missing valise. This, and proof of the value of the lost article, comprise in substance all the evidence offered by plaintiff.

The defendant gave evidence tending to show that, while the car was standing at the Union depot to receive passengers, its front door and its windows on the off side were closed; that during the whole time the porter stood near the platform at the rear door of the car, receiving passengers and their luggage, and carrying the latter, when directed, into the car; that the front door of the car was opened, when the train started, to enable the bridge conductor to pass through the train; that the train stopped at the relay depot in East St. Louis for a few minutes, both doors of the car being open then, and the porter standing at the rear of his car, and the porter of the Cincinnati car at the rear end of his own car, the latter joining the front end of the car on which plaintiff was traveling. The defendant's evidence tended to show that these are the usual and ordinary precautions which are used under these circumstances

to prevent the loss of hand baggage by pilferers or car thieves, and there was no evidence having any tendency to show that such precautions are not reasonably sufficient to guard against theft. All the evidence was given by depositions, and there was substantially no conflict in the evidence on any substantial point.

The cause was tried by the court without the intervention of a jury. At the close of all the evidence, the defendant demurred to it, but the court overruled the demurrer. The defendant then prayed for the following declaration of law, which the court gave:

"If the court believes, under the evidence, that the valise of plaintiff was deposited in plaintiff's berth by plaintiff or an agent of defendant during daylight, and before the starting of the train from the Union Depot, and the plaintiff, after going to his berth and seeing his property there, voluntarily left his property in the car, and left (without notifying any agent of defendant) to smoke while walking up and down the depot, and that plaintiff knew that the agents of defendant were not at the time watching the interior of the car, and that plaintiff's property was taken while plaintiff was so absent, then the court declares the law to be that plaintiff is not entitled to recover."

We are at a loss to see on what theory of the evidence the court found for the plaintiff after making this declaration of law. As we said in *Root v. Sleeping Car Company*, 28 Mo. App. 199, 209: "The custody of the passenger's hand baggage and money is, saying the *most* that can be said in his favor, a mixed custody, partly his custody and partly that of the sleeping car company." No case decided in this state goes any further, and most cases decided in other jurisdiction do not go even so far. Hutchinson on Carriers [2 Ed.], sec. 700; *Pullman Palace Car Company v. Smith*, 73 Ill. 360; *Railroad v. Handy*, 63 Miss. 609. While we

are determined not to relax the rule which we have established as fixing the liabilities of these companies, neither are we inclined to push it beyond the limits of reason. In the absence of any evidence that hand baggage has been delivered to the employees of such a company for safe keeping, they can not become chargeable as bailees for hire, as such a rule would make a bailee chargeable for the loss of an article in the presumable custody of his bailor, for which there is neither warrant of law nor reason.

It may readily be conceded that the company is bound to exercise such reasonable care in guarding the traveler's baggage in the case of his temporary absence from the berth as is customary in such cases. If a certain guard is customary, the traveler has a right to rely on the custom, and the omission of a customary guard would constitute negligence. But there is no evidence in this case that the company omitted the customary precautions. The plaintiff's evidence on that subject is a blank. The defendant's evidence, as far as it proves anything on that subject, tends to prove that the company observed them. The testimony was all in depositions, and there is nothing to cast any suspicion on the credit of the defendant's witnesses. Even if the burden of showing diligence was on the defendant, which we do not concede, yet the defendant discharged the burden by showing, without contradiction, that it observed customary care. Customary care in such cases, unless the custom itself is negligent, must be deemed reasonable care. As the evidence was in depositions, and there was nothing in the surrounding circumstances which rendered the testimony of the defendant's witnesses improbable, it could not be rejected by the trial court. *Church v. Railroad*, 119 Mo. 203, 213.

The plaintiff, upon the retrial of the cause, may be able to show, affirmatively, a disregard of the usual and

customary safeguards on part of the defendant. The cause will, therefore, be remanded for new trial.

Reversed and remanded. All concur.