(61 Misc. Rep. 265.)

### CROLL v. PULLMAN CO.

(Supreme Court, Appellate Term.   December 16, 1908.)

CARRIERS (§ 413*)—SLEEPING CARS—BAGGAGE—NEGLIGENCE—LIABILITY.

In an action against a sleeping car company for loss of passenger's hand baggage, he made out a prima facie case of negligence by showing that, on leaving the car for a night, he was assured by the conductor that it would be safe to leave the baggage in the car; that, on being told next morning that the car was out in the yards, and that he would have to resume his journey in another car, he applied to the company's district superintendent for the baggage; that the superintendent directed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an employé to look into the matter, and do what he could, and that the baggage was not returned to plaintiff nor its loss explained.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 413.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Frank C. Croll against the Pullman Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Alexander & Green (Allan A. McCulloh, of counsel), for appellant. Bloomberg & Bloomberg (Harry A. Bloomberg, of counsel), for respondent.

GIEGERICH, J. The action is to recover the value of certain hand baggage left by the plaintiff in one of the sleeping cars of the defendant company in which he was making a journey. He took passage from Salt Lake City, in the state of Utah, to the city of Omaha, in the state of Nebraska, and was assigned to a berth in said sleeping car. At an intermediate point—Denver, Colo.—connections were missed, and the conductor of the sleeping car informed the plaintiff that they would have to lay over in Denver all night. The conductor further told the plaintiff that passengers might either stay in the car or go to a hotel. The plaintiff, not wishing to sleep in the railroad yards, elected to go to a hotel, but, before he left, he asked the conductor whether his baggage would be all right if left in the car, and was told that it would; whereupon he left the same, consisting of a handbag and an umbrella, in his berth. The next morning, when the plaintiff returned to the station to resume his journey, he was told that the car in which he had theretofore traveled was still out in the yards, and that it could not go on, and that he would have to go to some other car. He thereupon applied to the district superintendent of the defendant company for his baggage, and that officer gave directions to an employé known as the "lost property man" to look into the matter, and do what he could. The baggage was not returned to the plaintiff, nor was any explanation given as to how it came to be lost.

No evidence was given on behalf of the defendant, which rests its appeal upon the ground that there was a failure on the plaintiff's part to show any negligence of the defendant. In support of this contention, the appellant relies chiefly upon Carpenter v. N. Y., N. H. & H. R. R. Co., 124 N. Y. 53, 26 N. E. 277, 11 L. R. A. 759, 21 Am. St. Rep. 644, in which case the court observed that mere proof of the loss of money by a passenger while occupying a berth does not make out a prima facie case and to sustain a recovery some evidence of negligence on the part of the defendant must be given.

The authority which controls the present case in my judgment, however, is Steers v. Liverpool, N. Y. & P. Steamship Co., 57 N. Y. 1, 15 Am. Rep. 453. In that case the court held that where the plaintiff showed that, when she went on board the defendant's boat, she delivered her luggage into the custody of its agents, who assumed the charge over it, and that at the end of the voyage the defendant did not pro-

duce it nor in any way account for its nonproduction, the proof was sufficient to make out a case on which the jury might find gross negligence; the contract in that particular case exempting the defendant from responsibility for any loss except where due to its gross negligence. The decision in that case was based in part upon the circumstance of actual and exclusive custody of the baggage in question by the defendant's agents on board its own ship at sea.

I cannot distinguish that case from the present one. The plaintiff left his baggage in the care of the defendant upon the assurance of the defendant's agent who was in charge and control of the car that it would be safe to do so. Under such circumstances I think, under the principle of the Steers Case just referred to, that a prima facie case of negligence was affirmatively established, and that the defendant was called upon to make some explanation or to show what care and precaution had been exercised to guard the baggage and the car in which it was contained, which, as seen, it wholly failed to do:

The defendant's counsel also urges that reversible error was committed upon the trial in receiving, over his objection, a letter written the day after the alleged loss by the depot passenger agent of the Chicago, Burlington & Quincy Railroad Company to the plaintiff; but, as it was incumbent upon the defendant to explain the manner of the loss of such baggage, the contention of its counsel that such letter was the basis of the trial justice's conclusion that negligence had been established is without warrant. The letter was harmless to the defendant.

It follows that the judgment should be affirmed, with costs. All concur.