## W. W. DINGS, Appellant, v. PULLMAN COMPANY, Respondent.

**St. Louis Court of Appeals, March 1, 1913.**

1. **CARRIERS OF PASSENGERS: Sleeping Car Companies: Duty Regarding Passenger's Effects.** A sleeping car company does not accept the effects of its passengers as a bailee, nor does it undertake to maintain a place where accommodation is furnished for the safety of its patrons' property, like an innkeeper, and hence it does not assume the exceptional liability of an insurer, which the law imposes upon common carriers of goods or innkeepers because of their public calling—its duty being merely to exercise reasonable care to maintain a vigilant watch by competent persons for the safety of passenger's effects left in its car.

2. ———: ———: ———. Mere loss of luggage taken by a passenger into a sleeping car does not make out a prima facie case of liability against the sleeping car company.

3. **NEGLIGENCE: Undisputed Facts: Question for Jury.** The question of whether or not a person was negligent may not be declared as a conclusion of law, even on undisputed facts, where reasonable men would differ with respect to the conclusion to be drawn therefrom.

4. **CARRIERS OF PASSENGERS: Sleeping Car Companies: Duty Regarding Passenger's Effects: Question for Jury.** While a train was standing in front of a depot in a town, plaintiff's effects were lost from a sleeping car, on which he was a passenger. The train stood there about twenty or thirty minutes, and during all of that time the rear door of the car was locked, the windows were closed and a watchman was stationed at the forward door. *Held,* that reasonable men might differ as to whether the sleeping car company was negligent with respect

to the manner in which it kept watch for the safety of plaintiff's effects, and hence the question was one for the trier of the facts.

5. **APPELLATE PRACTICE:** Conclusiveness of Finding. Where the evidence on an issue of negligence is such that different minds might disagree, the finding of the trial court will not be disturbed, on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*McPheeters & Wood* for appellant.

(1) Where the facts, upon which a decision in the trial court is based, are uncontradicted, their legal effect is a question of law, and the appellate court may inquire into these facts to determine whether or not they warrant the decision rendered by the trial court. 2 Ency. of Pleading & Practice, 405; Breen v. Fair Association, 40 Mo. App. 425; Waddell v. Williams, 50 Mo. 216; Henry v. Bell, 75 Mo. 194; Douglas v. Arr, 58 Mo. 573; Moore v. Hutchinson, 69 Mo. 429. (2) A sleeping car company is required to use reasonable care in guarding the property of its passengers against loss and reasonable care must be measured with reference to the danger of loss reasonably to be apprehended under existing conditions; and such a degree of care the passenger is entitled to rely upon. The failure on the part of the company to use such ordinary care, or reasonable care, is negligence which will render the company liable for loss of a passenger's property. 6 Cyc. 654; 25 Am. & Eng. Ency. of Law, 1118; Williams v. Webb, 27 Misc. (N. Y.) 508; Falls River v. Pullman, 6 Ohio Dec. 85; Carpenter v. N. Y. Cent., etc., 124 N. Y. 53. (3) Where it is the custom of a sleeping car company to expressly invite its passengers to leave their berths and its coach to go to the dining room of the station for their meals, or to the smoker, toilet room or other conveniences about the

car, and where it is the custom of the traveling public under such circumstances to leave their baggage in their berths in the Pullman coaches, while absent upon such invitation, express or implied, and where it is the custom and duty of the company to provide a watch over the car, upon which watch the passenger, as a matter of custom, has a right to rely, the company is liable for the loss of baggage of a passenger, through no fault of the passenger, upon its being shown that while the passenger was absent from his berth on invitation of the company no watch was maintained on the inside of the car; the porter having gone into the station for dinner; that the conductor was left alone to perform the duties of both the conductor and the porter, and that, as admitted, many keys to the rear door of the car were negligently permitted by the company to be in the possession of discharged employees. Lewis v. Sleeping Car Co., 143 Mass. 267; Woodruff v. Diehle, 84 Ind. 474; Pullman v. Mathews, 74 Tex. 654; Palmeter v. Wagoner, 11 Alb. L. J. 149; Hamilton v. Pullman Co., 42 Mo. App. 134; Pullman Co. v. Gardner, 3 Penn. 78; Carpenter v. New York, 124 N. Y. 53; Root v. New York, 28 Mo. App. 189; Pullman v. Pollock, 69 Tex. 120.

*Lehmann & Lehmann* for respondent.

(1) Even though the evidence is undisputed, if fair-minded persons of ordinary intelligence might differ as to the inferences to be drawn therefrom, negligence is a question of fact for the jury. Gratiot v. Railroad, 116 Mo. 466; Combs v. City of Kirksville, 134 Mo. App. 645; Schwyhart v. Barrett, 145 Mo. App. 332; Shamp v. Lambert, 142 Mo. App. 567; Johnson v. Ice Co., 143 Mo. App. 441; Munro v. Railroad, 155 Mo. App. 710; King v. Railroad, 143 Mo. App. 279. (2) The finding on a question of fact by a trial court trying a law action without a jury is as conclusive on appeal as is the verdict of a jury,

and will not be reviewed in this court. Nickey v. Leader, 235 Mo. 30; Bank v. Lowder, 141 Mo. App. 603; Stephens v. Fire Assn., 139 Mo. App. 369; Milne v. Railroad, 155 Mo. App. 465; Noble v. Nelson, 154 Mo. App. 616; Berst v. Moxom, 157 Mo. App. 342; Stoepler v. Silverberg, 220 Mo. 258.

NORTONI, J.—This is a suit for damages alleged to have accrued as a result of defendant's negligence. The finding and judgment were for defendant, and plaintiff prosecutes the appeal.

Plaintiff was a passenger on defendant's sleeping car en route to California and lost his overcoat, said to be of the value of seventy-five dollars, in transit. By this suit he seeks to recover the value of the coat, and avers that its loss occurred through the omission of defendant to exercise due care toward protecting the coat from theft. But one witness gave testimony in the case and that was the plaintiff himself.

It appears that the train, of which the sleeping car was a part, stopped for the evening meal at about six o'clock p. m. at Newton, Kansas, where the passengers alighted and went into the dining room of the depot for supper. Plaintiff left his overcoat hanging in his berth in the sleeping car, but it does not appear that he directed the attention of either the Pullman conductor or porter thereto. While eating his supper in the depot dining room, he noticed defendant's porter eating at another table therein. Upon his return to the car, he found the overcoat had been taken.

From plaintiff's evidence it appears that the Pullman conductor stood watch at the forward end of the car upon the depot platform while the passengers were eating supper, and it is to be inferred that the rear door of the sleeper was locked. There is nothing in the case to suggest that any of the car windows were left open or that an entrance therein could be had except through the forward door where the conductor

stood watch. As the date of the loss was December 25, it may be inferred from this that the windows of the car were closed, as is usual in the winter time in the Kansas climate. Upon discovering the loss of his coat, plaintiff called the attention of the porter thereto, who, in turn, called the conductor, but neither of them was able to locate it, and plaintiff said the conductor stated the only way the coat could have been taken from the car was by some one unlocking and entering the rear door, as he had stood guard in front. In this connection, it is said, the conductor remarked that it might be some discharged Pullman employee probably had keys with which the rear door could have been unlocked and an entry made therein.

The case was tried before the court without a jury and no instructions were asked or given on either side. After hearing the evidence, the court found the issues for defendant and entered judgment accordingly.

A sleeping car company does not accept the effects of its passengers as a bailee, nor does it undertake to maintain a place where accommodation is furnished for the safety of its patrons' property, like an innkeeper, and, therefore, it does not assume the exceptional liability of an insurer which the law imposes upon common carriers of goods or innkeepers by reason of engaging in such public callings. On the contrary, the liability of the sleeping car company with respect to the effects of its patrons is analogous to that of a railway carrying passengers in regard to the safety of the personal belongings and baggage which the passenger is allowed to take with him into the sleeping car. Therefore, the duty which the law devolves upon the sleeping car company to protect the passenger's effects is that of due care under the circumstances of the particular case. This being true, mere proof of loss of luggage, which is taken by a passenger into the sleeping car, does not make out either an absolute or *prima facie* case of liability against the

company. However, it is the duty of the company to exercise reasonable care toward a vigilant watch by competent persons for the safety of the passenger's belongings while in the car, and if it omits to exercise such care thereabout, it may be required to respond for the breach of its obligation on the grounds of negligence. [See 6 Cyc. 659; Efron v. Wagner Palace Car Co., 59 Mo. App. 641; Root v. New York Cent. Sleeping Car Co., 28 Mo. App. 199.]

It is argued by the plaintiff that the facts above set forth afford an irresistible conclusion of negligence, and that as they were uncontradicted, the court erred in giving judgment for the defendant. The question of negligence is always a relative one and is to be determined by reference to the facts and circumstances surrounding the particular matter in judgment. Here it sufficiently appears the porter was absent from the car, being in the depot at supper, but the conductor stood watch at the forward door of the car and the rear door was locked and the windows closed. There is nothing in the case to suggest that all fair-minded men without a difference of opinion would conclude that an ordinarily prudent person in the exercise of reasonable vigilance should have done more to the end of protecting property within the car. The matter of negligence with respect to the performance of a duty may not be declared as a conclusion of law, even on undisputed facts, where reasonable men may draw different inferences touching the same therefrom. [Gratoit v. Mo. Pac. R. Co., 116 Mo. 450, 466, 21 S. W. 1094.]

Though it devolved upon defendant to use reasonable precaution to keep a strict watch for the safety of the property of passengers in the car, it is clear that fair-minded men may infer from the facts in evidence here that it performed the full measure of this obligation in the circumstances of the case. Obviously, it is a reasonable view that even high care and circumspection would not require more than the keep-

ing of the rear door locked, the windows closed and a watchman at the forward entrance, while the train stopped in front of a depot in the ordinary town for a period of twenty or thirty minutes consumed in taking a meal at six o'clock in the evening. However, some persons might take another view on the same facts, and this alone affords a valid reason for sustaining the judgment here. If different minds might disagree on the matter, the question of negligence was one of fact to be determined by the trial court and may not be reviewed on appeal. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.