Cushing, J.
The facts developed at the trial were that the plaintiff, Florence E. Laws, and her husband engaged, paid for and occupied a stateroom in a sleeping car of plaintiff in error, operated from New Orleans to Cincinnati; that shortly after the train to which the Pullman was attached left New Orleans, at 7:30 p. m., March 30, 1917, they went to the dining-car at the rear, leaving the hand bag here in question in the stateroom, the door of which was open; that on leaving the Pullman they notified the porter that they were going *345 to the diner; that they were absent about an hour or an hour and a half; that the hand bag and its contents were stolen while they were absent; that the porter was in the Pullman during the entire time; that he was engaged in making down berths; and that a number of persons from other parts of the train passed through this Pullman while the porter was thus engaged.
The petition in the court below charged that The Ppllman Company was negligent in assigning and permitting the porter to perform too many duties, and the porter was negligent in failing to watch the aisles and the drawing-room while strangers to the car were passing through it to and from the dining-car.
The company’s answer was a general denial.
There were three Pullmans on the train. There was one conductor. Each Pullman 'had a porter.
The several questions presented by the record are:
1. Was the defendant negligent in' any of the particulars stated in the petition in the court below?
2. The care that a sleeping car company must use in guarding the baggage and personal effects of persons occupying space in such car.
3. The error, if any, of the trial -court in overruling a motion for an instructed verdict for defendant -at the close of plaintiff’s evidence and such motion at the conclusion of all the evidence.
4. The refusal of the trial court to give special charges, properly presented, on the question of ownership by defendant in error of the several articles in question as her separate property.
*346 5. The claim of plaintiff in error that the verdict was not’ sustained by the weight of the evidence and was contrary to law.
Plaintiff below did not offer any evidence as to where the porter was or what he was doing during the interval in question. Her evidence was limited to what happened prior to and at the time they left the Pullman to go to the diner and to their discovery of the theft on their return from the diner.
On this state of the record, at the close of plaintiff’s evidence, defendant moved for an instructed verdict. The motion was overruled.
Had defendant below rested its case at that point the court should have directed a verdict in its favor.
The Pullman Company elected to offer evidence in the court below. It called as its principal witness the porter, Gaines. Pie testified in substance that the stateroom door was open; that Mr. Laws told him when leaving the Pullman that he and his wife were going to the dining-car; that they were gone about an 'hour or a little more; that on their return they notified him of the theft; that as soon as the train started from the New Orleans station he -was engaged in making down berths; that persons from other parts of the train passed through his car on their way to and from the diner; that he would raise up from a stooping position or step aside while making down berths to allow such persons to’pass; and that the aisle of the car and the drawing-room door could at all times have been observed by him, but that he did not watch *347 strangers to his car while they were passing the drawing-room door.
This was evidence tending in some degree to establish plaintiff’s allegations of negligence. The case at this point was properly submitted to a jury.
It is necessary under Ohio practice when a motion is made at the conclusion of plaintiff’s testimony for an instructed verdict, and overruled, that it should be renewed at the conclusion of all the evidence. The reason for so doing seems to be that if there is no evidence of negligence appearing in the case up to its conclusion it is the court’s duty as a matter of law to instruct a verdict; but if evidence appears, offered either by the plaintiff or the defendant, which tends in .any degree to establish the negligence of the defendant company, the court must submit the question to the jury.
In the case of The Cincinnati Traction Co. v. Durack, Admx., 78 Ohio St., 243, the supreme court said, at page 247:
“There are perhaps three views taken of the subject which are properly present for our consideration. One is that where the court overrules the motion of the defendant for a verdict at the close of the plaintiff’s evidence, and the defendant introduces his evidence to make out the defense, and rests without renewing the motion the exception to th'e ruling on the motion made is waived and error can not be assigned on such ruling. Another view suggested is, that where such motion made at the close of plaintiff’s evidence is improperly overruled, and the evidence afterwards introduced by the defendant, and by ‘plaintiff in rebuttal, in no manner strengthens the plaintiff’s case, the motion for *348 verdict at the close of plaintiff’s evidence must be given force, since defendant’s waiver of it by going into the defense only goes to the extent of allowing plaintiff to benefit by the evidence afterwards introduced.
“The third view is that the exception to the decision of the court denying a motion for verdict at the close of plaintiff’s evidence is not waived by. putting in the evidence for the defense, but lives throughout the trial, survives an adverse judgment, and remains as a basis for assigning error in the reviewing court. The latter and perhaps the preceding view is held by the plaintiff in error, but the reasons advanced for the claim are lacking in force and will not bear analysis.”
On the question of the degree of care that must be exercised by a sleeping car company the weight of authority is that it is held only to ordinary care.
'Courts are almost unanimous in holding that a sleeping car company can not be held to the liability of a common carrier, nor of an innkeeper.
■While such' company must exercise ordinary care, some courts have made a distinction between the care in daytime and at night'. This distinction is based on the time when the occupant is awake and charged with the duty of exercising ordinary care for the protection of his own property, and when he is asleep and not in a position to guard his property.
It is not necessary for us to pass on that question here. The undisputed facts in this case are that defendant in error was awake, in either the sleeper or diner, from the time she and her hus *349 band boarded the train until after the property was stolen.
On the question that a sleeping car company owes to occupants ordinary care, we cite the following:
“A sleeping-oar company is not liable to a passenger for the loss by theft of personal effects taken into the car by the passenger for his own use and of which he retains possession,- either under the rules which apply to an innkeeper for the loss of the goods of his guest, -or those as to a carrier for the. loss of baggage intrusted to it to transport. Such a company owes to a passenger the duty of exercising reasonable care to guard the property of the passenger from theft, and if through the want of such care the personal effects of the passenger, such as he might reasonably carry with him, are stolen, the company is liable therefor.” Pullman’s Palace Car Co. v. Hall, 106 Ga., 765.
“It is the duty of a sleeping-car company to exercise reasonable care to guard the personal effects of the passengers from theft, and if, through the want of that care such personal effects as a passenger may properly carry with him on his journey be stolen, the company will be liable therefor. The personal effects which a passenger may carry with him on a journey-may include articles of personal adornment, such as jewels.” Pullman Co. v. Schaffner, 126 Ga., 609.
Thus a sleeping car company does not assume the liability of insurer of a passenger’s baggage nor the obligation of a common carrier or innkeeper, but its liability for loss must be predicated upon negligence. Goldstein v. Pullman Co., 161 *350 App. Div., 756, 147 N. Y. Supp., 133; Dings v. Pullman Co., 171 Mo. App., 643, 154 S. W. Rep., 446, and Robinson v. Southern Ry. Co., 40 App. D. C., 549.
Before argument the defendant company requested a number of special charges, of which the following is a sample:
“The jury is instructed that the plaintiff can not recover in this action the value of the black seal hand bag for the reason that there is no evidence tending to show that it was her separate property.”
The other charges are similar as to the various items of property.
Both the defendant in error and her husband testified that all the articles were her property.
Section 8001, General Code, reads as follows: “A married person may take, hold and dispose of property, real or personal, the same as if unmarried.”
On the question as to whether the verdict is contrary to the evidence and the law. We have stated the rule of negligence, the liability of a sleeping car company in negligence cases, and the law of Ohio as to the wife’s separate property. It follows that the verdict was not contrary to the evidence or law.
The judgment will be affirmed.

Judgment affirmed.

Shohl, P. J., and Hamilton, J., concur.