Allow, J.
Action to recover for baggage lost by passenger on train of the defendant. On November 26, 1944, the plaintiff boarded the Colonial Express in Boston. This train service was operated between Boston and Washington, D. C., by connecting carriers. Between Boston and New York employees of the New York, New Haven and Hartford Railroad manned the train; between New York City and Washington it was operated by employees of the defendant. When the plaintiff boarded the train on the day in question she placed her suitcase in the rack over her seat, but at the suggestion of the trainman, that it would not ride safe, she carried it to the rear of the car and left it in the vestibule. When the plaintiff’s mother suggested to the trainman that someone might take it he answered, “No m’am, it will be perfectly safe.” On several occasions during the trip the plaintiff walked through the vestibule and noticed her bag, the last occasion being about ten min *220 utes before the train reached Baltimore. Above five minutes before the train reached Washington the plaintiff went to the vestibule and found her bag missing. She thereupon notified the trainman of the fact.
On these agreed facts the court found for the defendant and the plaintiff being aggrieved by the finding brings this report.
This finding was required by the facts. Where a passenger retains total or partial responsibility for baggage the carrier owes only a duty to exercise due care. 25 Harvard Law Review 178. In this particular situation the passenger at all times retained custody of the bag. At no time did any employee of the defendant or of the other connecting carrier take possession of it. Whether the trainman of the New York, New Haven and Hartford Railroad created any obligation by his assurance that the bag was safe in the vestibule is immaterial to the issue here. The defendant in this case is a connecting carrier. This arrangement does not imply a joint responsibility. Hartan v. Eastern Railroad Co., 114 Mass. 44. Any responsibility of the defendant must be predicated upon an assumption of same by word or act. The circumstances here differ from those in Najac v. Boston and Lowell Railroad Co., 7 Allen, 329, where the employee assumed custody. They approximate rather the facts in Whicher v. Boston and Albany Railroad Co., 176 Mass. 275, where the passenger checked on the presence of the bag several times during the trip. So far as the Pennsylvania Railroad Company is concerned there is nothing to indicate that any of its employees were ever aware of the presence of this bag on the train. The court was clearly right in finding for the defendant. Report dismissed.